IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| DAVID PERRY GOODIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. _____ |
| | ) |
| CONSOL ENERGY, INC., | ) |
| and | ) |
| LINCOLN LIFE ASSURANCE | ) |
| COMPANY OF BOSTON, | ) |
| | ) |
| Defendants. | ) |

Serve: CONSOL Energy, Inc.
   Serve: CT Corporation System, Registered Agent
     4701 Cox Road, Suite 285
     Glen Allen, VA 23060

Serve: Lincoln Life Assurance Company of Boston
   Serve: Corporation Service Company, Registered Agent
     1111 East Main St., 16th Floor
     Richmond, Virginia 23219

## **COMPLAINT**

### Jurisdiction and Venue

1. This is an action for violations of Section 501 of the Employee Retirement Security Income Act of 1974 ("ERISA"), arising out of Defendants' failure to provide notice of Plaintiff's right to appeal an adverse benefit decision. This Court has jurisdiction pursuant to 28 U.S.C. § 1331; 28 U.S.C. §§ 2201-2202; 29 USC §§ 1132(a), 1132(e), 1132(f), and other applicable law. Because Plaintiff alleges that Defendants failed to provide him with a notice of appeal rights, he is "deemed to have exhausted the administrative remedies available under the plan" and may bring his claims directly to federal district court. 29 CFR § 2560.503-1(*l*)(2).

2. Venue under 28 U.S.C. § 1391(b) is proper in the Western District of Virginia, where Plaintiff resides and worked as an employee of CONSOL's predecessor-in-interest, Island Creek Coal Co. ("Island Creek"), and where Plaintiff received the adverse benefit determination that did not contain a notice of appeal rights. Venue is further proper under 29 U.S.C. § 1132(e)(2) because the statutory violations at issue took place in this District.

### Parties

3. Defendant CONSOL Energy, Inc. ("CONSOL") is a Delaware corporation headquartered in Pennsylvania that operates coal mines in the United States. CONSOL is the successor-in-interest to Island Creek. At all relevant times, CONSOL was a Plan sponsor within the meaning of 29 U.S.C. § 1002(16)(B) and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A). The Plan provides long term disability benefits to current and former employees and their beneficiaries and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1). CONSOL was a "fiduciary" as that term is defined in 29 USCS § 1002(21)(A).

4. Upon information and belief, Defendant Lincoln Life Assurance Company of Boston ("Lincoln") is a New Hampshire corporation that served as claims administrator for the Plan on behalf of CONSOL and sent Plaintiff a letter containing an adverse benefit decision that did not notify him of his right to appeal that decision. Liberty was a "fiduciary" as that term is defined in 29 USCS § 1002(21)(A).

5. Plaintiff, David Perry Goodie ("Goodie"), is a citizen of the United States and a resident of Bristol, Virginia. Goodie is a former employee of Island Creek, the predecessor in interest to Defendant CONSOL. Goodie was a "covered employee" within the meaning of 29 U.S.C. § 1167(2) and participant in a group benefits disability plan administered by Liberty on behalf of CONSOL the day before he received a notice on October 16, 2018, that his benefits would be terminated on January 14, 2019. This termination of benefits was a "qualifying event" within the meaning of 29 U.S.C. § 1163(2), rendering Goodie a "qualified beneficiary" of the Plan pursuant to 29 U.S.C. § 1167(3).

Facts

6. In 1989, Goodie was working as a mine supervisor for Island Creek at its coal mine in Buchanan County, Virginia.

7. On August 28, 1990, Goodie injured his right knee while installing roof bolts to support the ceiling of a mine shaft. The roof bolts were six (6) feet in length and weighed approximately fifteen (15) pounds each. The roof bolts were tied together in bundles of forty-eight (48). A bundle of roof bolts was stacked on the back of a machine called a roof bolter. As a fellow crewman was using the roof bolter to install a bolt, the machine shook and a bundle of roof bolts slipped off of the back of the machine and fell across Goodie's legs, severely injuring his right knee.

3

8. Goodie was totally disabled by this work-related accident and never returned to work. Goodie was declared totally disabled by the Industrial Commission of Virginia.

9. Goodie was also covered by a long-term disability plan sponsored by Island Creek. Island Creek's plan began paying Goodie long-term disability payments immediately.

10. On July 1, 1993, CONSOL acquired Island Creek and merged the beneficiaries of the Island Creek plan into CONSOL's plan as of that date.

11. Under the CONSOL plan (the "Plan"), Goodie was entitled to receive disability payments for the duration of his lifetime because his disability resulted from a workplace accident. Had Goodie's disability resulted from sickness, his benefits would have terminated when he reached 70 years old. The Plan paid Goodie $1,069 per month in disability payments.

12. On or about October 16, 2018, Lincoln's Long-term Disability Specialist, Matthew Lane, sent Goodie a letter ("the Termination Letter"; **Exhibit 1)** informing him that his benefits would be terminated as of January 14, 2019. The Termination Letter quoted the following provision from the Plan: "Following a 12-month Qualifying Disability Period, if you continue to be Totally Disabled, benefits continue to age 70, or for life if due to a work-related accident, subject to changes in the Plan." **(Exhibit 1.)**

13. The Termination Letter further stated: "Your benefits began on August 29, 1991; thus, you will have reached your maximum benefit period on January 14, 2019. Since we have approved benefits through the maximum allowed period, we are closing your claim." **(Exhibit 1.)**

14. The Termination Letter did not explain why this provision of the Plan would cause Goodie's benefits to end on January 14, 2019. However, because Goodie turned 70 on January 15 2019, it appears that either Liberty or CONSOL took the position that Goodie's disability had not resulted from "a work-related accident." At no point did the Termination Letter describe what

additional material the Plan required to determine whether Goodie's disability resulted from a work-related accident or why such information was needed.

15. Most importantly, the Termination Letter failed to describe "the plan's review procedures and the time limits applicable to such procedures," nor did it notify Goodie of his "right to bring a civil action" under ERISA following such a review. 29 CFR 2560.503-1(g)(4). As a result, Goodie did not know whether he had the option of appealing this adverse benefit decision and failed to initiate such a review.

16. On January 23, 2019, the Plan made a partial monthly payment to Goodie in the amount of $498.87. The Plan has failed to make any additional payments to Goodie since that date despite the fact that his disability resulted from a work-related accident.

## COUNT I – Failure to Provide ERISA Notice of Appeal Rights

17. Paragraphs 1 through 16, supra, are incorporated by reference as if restated in their entirety in this Count I.

18. Under 29 CFR § 2560.503-1(b), "every employee benefit plan shall establish and maintain reasonable procedures governing the ... appeal of adverse benefit determinations ...."

19. An "adverse benefit determination" includes the "termination of ... a benefit ... based on a determination of a participant's or beneficiary's eligibility to participate in the plan ...." 29 CFR § 2560.503-1(m)(4)(i).

20. "In the case of a plan providing disability benefits, the term 'adverse benefit determination' also means any rescission of disability coverage with respect to a participant or beneficiary ...." 29 CFR § 2560.503-1(m)(4)(ii).

21. Under 29 CFR § 2560.503-1(g)(1)(iv), "the plan administrator shall provide a claimant with written or electronic notification of any adverse benefit determination.... The

5

notification shall set forth ... [a] description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act ...."

22. When the adverse benefit determination concerns a plan providing disability benefits, the notice "shall also describe any applicable contractual limitations period that applies to the claimant's right to bring such an action, including the calendar date on which the contractual limitations period expires for the claim." 29 CFR § 2560.503-1(j)(4)(ii).

23. When a plan fails to "strictly adhere to all the requirements of this section with respect to a claim, the claimant is deemed to have exhausted his administrative remedies available under the plan [and] is entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan had failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim." 29 CFR § 2560.503-1(*l*)(2)(i). In such cases, "the claim or appeal is deemed denied on review <u>without the exercise of discretion</u> by an appropriate fiduciary." Id. (emphasis added).

24. Goodie suffered an adverse benefit determination when Liberty notified him on October 16, 2018, that it would terminate his disability benefits on January 14, 2019.

25. Liberty and CONSOL willfully, in bad faith, and in conscious disregard for Goodie's rights, violated Goodie's rights as a Plan beneficiary when they deliberately failed to provide him notice of his rights to appeal this adverse benefit determination.

26. Liberty and CONSOL further violated Goodie's rights when they failed to notify him of the deadline for appealing this adverse benefit determination.

27. As a direct and proximate result of Liberty's and CONSOL's violations of ERISA and associated regulations, Goodie failed to appeal the termination of his disability benefits.

28. Nonetheless, because Liberty and CONSOL failed to strictly comply with ERISA's appeal notice requirements, Goodie is deemed to have exhausted his available administrative remedies under ERISA. Therefore, Goodie is entitled to appeal the adverse benefit determination directly to this Court. Anderson v. Life Ins. Co. of N. Am., 2012 U.S. Dist. LEXIS 44109, *41 (W.D. Va. 2012). Because the appeal is deemed to have been denied without any exercise of discretion, this Court reviews that denial de novo. St. Onge v. UNUM Life Ins. Co. of Am., 2010 U.S. Dist. LEXIS 98101, *9 (D. Conn. 2010).

29. Goodie is entitled to bring this civil action to enjoin any act or practice which violates any provision of ERISA or the terms of the Plan, and to obtain other appropriate equitable relief. 29 U.S.C. § 1132(a)(3).

30. As a direct and proximate cause of the failure of Liberty and CONSOL to provide Goodie with his notice of appeal rights, Goodie has incurred legal fees and other expenses in pursuing his claim that he would not have incurred, but for Liberty's and CONSOL's violations of ERISA, including but not limited to 29 CFR 2560.503-1(g)(4).

### COUNT II – Improper Termination of ERISA Benefits

31. Paragraphs 1 through 30, supra, are incorporated by reference as if restated in their entirety in this Count II.

32. Under 29 USC § 1132(a)(1)(B), a participant or beneficiary may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan …."

33. Upon information and belief, CONSOL made the decision to terminate Goodie's disability benefits. CONSOL's decision to terminate Goodie's long-term disability benefits

violated the terms of the Plan. Because Goodie's disability resulted from a work-related accident, he is entitled to lifetime disability benefits under the Plan.

34. In the alternative, if Liberty is determined to be the entity who made the decision to terminate Goodie's benefits, Liberty violated the terms of the Plan.

35. As a direct and proximate result of the wrongful actions of Liberty, CONSOL, or both, Goodie has been denied benefits since January 23, 2019. As a result, he has suffered thousands of dollars in lost benefits and will continue to suffer additional lost benefits each month until his benefits are restored.

## COUNT III – ERISA Breach of Fiduciary Duty

36. Paragraphs 1 through 35, supra, are incorporated by reference as if restated in their entirety in this Count III.

37. Under 29 U.S.C. § 1102(21)(A), "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, … or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."

38. Liberty, as claims administrator, exercised discretionary authority or discretionary responsibility in the administration of the Plan when it drafted the Termination Letter to Goodie. Liberty abused that discretion and breached its fiduciary duty. Specifically, Liberty omitted any language in that form that would have alerted Goodie to the fact that he had a right to appeal the adverse benefit decision reached by either Liberty or CONSOL.

39.     Moreover, by omitting this language, Liberty effectively eliminated Goodie's right of appeal to CONSOL, thus making Liberty the de facto ultimate decisionmaker in the appeals process.

40.     Under 29 U.S.C. § 1104(a)(1)(a)(i), a fiduciary is required to discharge his or her duties with respect to a plan solely in the interest of the participants or beneficiaries of the plan and for the exclusive purpose of providing benefits to participants and beneficiaries and defraying reasonable administrative expenses.

41.     In choosing to send Goodie a letter informing him that his benefits were being terminated without notifying him that he had the right to appeal that decision, Liberty concealed from Goodie the fact that he had a statutorily protected right to appeal that erroneous determination.

42.     By concealing this right of appeal from Goodie, Liberty helped CONSOL avoid paying benefits to Goodie (and likely many other retirees whose benefits were likewise terminated without notifying them of their right to appeal those decisions). In doing so, Liberty violated 29 U.S.C. § 1104(a)(1) by discharging its duties in such a manner as to prefer the interests of CONSOL, the Plan sponsor, over those of Goodie, the Plan beneficiary.

43.     In the alternative, if CONSOL is determined to be the entity who instructed Liberty to send the Termination Letter, CONSOL violated 29 U.S.C. § 1104(a)(1) by discharging its duties in such a manner as to prefer its own interests over those of Goodie, the Plan beneficiary.

44.     In the event that either CONSOL or Liberty learned that the other party violated any fiduciary duty under ERISA, including but not limited to the duties outlined in 29 CFR 2560.503-1(g)(4), and failed to "make reasonable efforts under the circumstances to remedy the breach," that party is liable for the other party's breach. 29 U.S.C. § 1105.

9

WHEREFORE, Plaintiff, David Perry Goodie, respectfully prays that the Court:

A.  Declare that CONSOL and Liberty violated his rights under ERISA.

B.  Award him actual and nominal damages in an amount not to exceed Seventy-Five Thousand and No/100 Dollars ($75,000.00) in the form of wrongfully withheld long-term disability benefits between January 23, 2019, and the ultimate date on which CONSOL restores Goodie's benefits under the Plan;

C.  Order, enjoin, and mandate that CONSOL and Liberty reinstate Goodie's disability insurance benefits.

D.  Order CONSOL to designate Goodie as an eligible participant under the Plan and to pay Goodie a monthly disability benefit according to the provisions of the Plan;

E.  Grant him such further compensatory, nominal, legal, equitable, injunctive and declaratory relief as the Court finds appropriate;

F.  In the alternative, remand Goodie's claim to the Plan administrator with instructions to evaluate Goodie's claim in light of the objective medical evidence that supports his claim of permanent disability;

G.  Award him attorney's fees, expert witness fees, litigation expenses and costs, all as provided under 29 U.S.C. § 2617(a)(3);

H.  Award him prejudgment and post judgment interest on the actual damages, attorney's fees and other sums he recovers; and

I.  Mandate that the management of CONSOL and Liberty provide and undergo training in the rights and responsibilities of employees and employers under ERISA.

DAVID PERRY GOODIE

By:   s/Paul Beers
       Of Counsel

Paul G. Beers (VSB #26725)
Email: pbeers@glennfeldmann.com
Christopher E. Collins (VSB #90632)
Email: ccollins@glennfeldmann.com
Glenn, Feldmann, Darby & Goodlatte
37 Campbell Avenue, S.W.
P.O. Box 2887
Roanoke, Virginia 24001-2887
Telephone: (540) 224-8000
Facsimile: (540) 224-8050

*Counsel for David Perry Goodie*

11